# EXHIBIT "A"

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Global Imaging Acquisition Group,
*(AVISO AL DEMANDADO):* LLC, a Wisconsin limited
liability company; Charles M. Jahnke, an individual;
Jennifer Jahnke an individual; and Does 1 through 25,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Gordon + Holmes, LLP, a
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* California limited
liability partnership

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/15/2018** at 02:44:36 PM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of the State of California
Central Division
330 West Broadway
San Diego 92101

CASE NUMBER:
*(Número del Caso):* 37-2018-00008261-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Frederic L. Gordon, Esq.          619-696-0444    619-696-1144
Gordon + Holmes
223 West Date Street
San Diego, CA 92101

*V Contreras*
V. Contreras

DATE: 02/16/2018                    Clerk, by _____, Deputy
*(Fecha)*                           *(Secretario)*                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Case 2:19-cv-00279-PP   Filed 04/11/18   Page 2 of 15   Document 1-2

Frederic L. Gordon (SBN 98994)
Rhonda J. Holmes (SBN 157017)
Andrew G. Nagurney (SBN 301894)
GORDON & HOLMES
223 W. Date Street
San Diego, California 92101-3571
Tel: 619-696-0444 Fax: 619-696-1144

Attorneys for Plaintiff
GORDON + HOLMES, LLP

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**02/15/2018** at 02:44:36 PM

Clerk of the Superior Court
By Valeria Contreras,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| GORDON + HOLMES, LLP, a California limited liability partnership, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL IMAGING ACQUISITION GROUP, LLC, a Wisconsin limited liability company; CHARLES M. JAHNKE, an individual; JENNIFER JAHNKE an individual; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: 37-2018-00008261-CU-BC-CTL <br><br> **COMPLAINT FOR:** <br><br> 1.  **Breach of Contract;** <br><br> 2.  **Breach of the Implied Covenant of Good Faith and Fair Dealing** <br><br> **IMAGED FILE** <br><br> **UNLIMITED CIVIL JURISDICTION** <br> **JURY TRIAL DEMANDED** |

Plaintiff GORDON + HOLMES, LLP, a California limited liability partnership, ("G & H")

alleges as follows:

## PARTIES

1.     G & H is, and at all times mentioned herein was, a limited liability partnership duly

organized and existing under the laws of the State of California with its principal office in the

County of San Diego, State of California.  G & H is engaged in the business of law and is a civil trial

firm frequently known as Gordon & Holmes.

2.     GLOBAL IMAGING ACQUISITIONS GROUP, LLC ("GIAG") is, and at all times

mentioned herein was, a limited liability company duly organized and existing under the laws of the

1  is engaged in the business of ultrasound probe repairs and sales.

2      3.      GIAG is a former client of G & H. GIAG retained G & H's services to prosecute an
3  ongoing lawsuit.

4      4.      CHARLES M. JAHNKE is, and at all times mentioned herein was, an individual
5  residing in the State of Wisconsin, County of Waukesha. CHARLES M. JAHNKE is the President
6  of GIAG.

7      5.      JENNY JAHNKE is, and at all times mentioned herein was, an individual residing in
8  the State of Wisconsin, County of Waukesha. JENNY JAHNKE is the sole owner of GIAG.

9      6.      CHARLES JAHNKE and JENNY JAHNKE (collectively the "JAHNKES") are
10  husband and wife and the only principals of GIAG.

11      7.      There exists such a unity of interest and ownership between the JAHNKES and
12  GIAG that the JAHNKES and GIAG are alter egos of one another.

13      8.      As husband and wife and President and sole owner respectively, the JAHNKES have
14  a unity of ownership and interest between themselves individually and GIAG. As a result, the
15  JAHNKES dominate the affairs of GIAG, such that GIAG is a mere shell and naked framework for
16  their individual interests and control.

17      9.      On information and belief, the JAHNKES use and have used GIAG's income for their
18  personal use and allowed GIAG to be inadequately capitalized. GIAG failed to issue stock and abide
19  by the formalities of corporate existence as a result of the JAHNKES control, management and
20  operations. On information and belief, GIAG is and has been insolvent. Under these circumstances,
21  adherence to the fiction of a separate corporation existence would promote injustice and be
22  inequitable.

23      10.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as
24  DOES 1 through 25, inclusive, and therefore sues said Defendants by said fictitious names. Plaintiff
25  will move to amend the Complaint to allege the true names and capacities of said Defendants when
26  ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously
27  named Defendants are legally responsible in some manner for the occurrences and damages alleged
28  herein, and that Plaintiff's damages as herein alleged are proximately caused by said Defendants'

GORDON & HOLMES
233 W. DATE STREET
SAN DIEGO, CALIFORNIA 92101-3571

2

1   acts.

2       11.    Plaintiff is informed and believes and thereon alleges that at all times herein

3   mentioned, all the named Defendants were the agents, servants, employees, instrumentalities,

4   representatives, co-venturers and partners of the other co-Defendants, and in doing the things

5   hereafter alleged, were acting within the scope of their authority as agents, servants, employees,

6   instrumentalities, representatives, co-venturers and partners, and with the permission and consent of

7   their co-Defendants, and as such share liability with each other in respect to the matters complained

8   of herein.

9   **Jurisdiction and Venue**

10       12.    Jurisdiction and venue are proper in this Court because: (i) G & H maintains its

11   principal office in the County of San Diego, State of California; (ii) exclusive, mandatory

12   jurisdiction exists in the County of San Diego, State of California pursuant to the legal services

13   contract entered into between GIAG and G & H from which this dispute arises; and (iii) the events

14   complained of herein occurred in the County of San Diego, State of California.

15   **STATEMENT OF THE CASE**

16       13.    GIAG retained G & H's services in association with an ongoing piece of civil

17   litigation against a former principal of its predecessor entity among other defendants, following

18   GIAG's purchase of the predecessor entity's assets out of a receivership.

19       14.    G & H's agreement to represent GIAG in that ongoing litigation was memorialized

20   and set forth in a writing captioned "Legal Services Contract" (the "Contract").

21       15.    The Contract was fully executed by GIAG.

22       16.    G & H performed substantial work and expended considerable time, effort and skill

23   on behalf of GIAG in the ongoing litigation pursuant to the Contract.

24       17.    As a result of its representation of GIAG, G & H incurred costs and experts fees in

25   the approximate amount of two hundred ninety-seven thousand, nine hundred and forty-six dollars

26   ($297,946), plus interest.

27       18.    In response to a conflict created by GIAG, G & H exercised its right to terminate its

28   representation of GIAG under the Contract.

3

GORDON & HOLMES
223 W. DATE STREET
SAN DIEGO, CALIFORNIA 92101-3571

19. G & H timely and routinely tendered detailed invoices to GIAG with supporting billing records for payment throughout the course of the parties relationship and thereafter.

20. GIAG allowed and continues to allow G & H's invoices to go unpaid and has refused to bring its account current, despite demand.

21. In response to GIAG's refusal to bring its account current, G & H provided notice of its claim. In association with its claim, G & H advised GIAG of its right to arbitrate the claim, which GIAG waived and failed to pursue. G & H exhausted its administrative remedies per the Contract prior to bringing this action.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against GIAG, the JAHNKES and DOES 1 through 25)

22. G & H incorporates each of the preceding paragraphs above by reference as if fully set forth herein.

23. G & H and GIAG entered into the valid, binding Contract requiring G & H to provide legal services for GIAG in exchange for a negotiated payment.

24. G & H did all, or substantially all, of the significant things that the Contract required it do and/or was excused by GIAG's nonperformance.

25. Notwithstanding G & H's full performance, GIAG failed and continues to fail to tender payment to G & H for its services per the Contract.

26. As a direct and proximate result of the conduct of GIAG and DOES 1 through 25, inclusive, G & H was harmed and damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against GIAG, the JAHNKES and DOES 1 through 25)

27. G & H incorporates each of the preceding paragraphs above by reference as if fully set forth herein.

28. G & H and GIAG entered into the valid, binding Contract requiring G & H to provide legal services for GIAG in exchange for a negotiated payment.

4

GORDON & HOLMES
223 W. DATE STREET
SAN DIEGO, CALIFORNIA 92101-3571

29. G & H did all, or substantially all, of the significant things that the Contract required it do and/or was excused by GIAG's nonperformance.

30. All conditions required for GIAG's performance under the Contract occurred and/or were excused.

31. Notwithstanding G & H's full performance and the occurrence of all conditions requiring GIAG's performance, GIAG unfairly interfered with G & H's right to receive payment under the Contract.

32. As a direct and proximate result of the conduct of GIAG and DOES 1 through 25, inclusive, G & H was harmed and damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, G & H prays for a judgment against defendants, and each of them, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For reasonable attorney's fees;

4. For costs of this suit; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: February 12, 2018

GORDON & HOLMES

By: _____
FREDERIC L. GORDON
RHONDA J. HOLMES
ANDREW G. NAGURNEY
Attorneys for GORDON + HOLMES LLP

GORDON & HOLMES
223 W. DATE STREET
SAN DIEGO, CALIFORNIA 92101-3571

5

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Frederic L. Gordon, Esq. (SBN 98994)<br>Gordon + Holmes<br>223 West Date Street<br><br>San Diego, CA 92101<br>TELEPHONE NO. 619-696-0444  FAX NO.: 619-696-1144<br>ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/15/2018** at 02:44:36 PM<br><br>Clerk of the Superior Court<br>By Valeria Contreras,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME: Gordon + Holmes, LLP vs Global Imaging
Acquisition Group, LLC, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 37-2018-00008261-CU-BC-CTL |
|---|---|---|
| | | JUDGE: Judge Joel R. Wohlfeil<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two  (2)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 15, 2018
Frederic L. Gordon, Esq.
_____(TYPE OR PRINT NAME)_____          _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET  Legal Solutions Plus
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Case 2:19-cv-00279-PP   Filed 04/11/18   Page 9 of 15   Document 1-2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2018-00008261-CU-BC-CTL    CASE TITLE: Gordon + Holmes LLP vs Global Imaging Acquisition Group

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

Case 2:19-cv-00279-PP   Filed 04/11/18   Page 11 of 15   Document 1-2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

PLAINTIFF(S) / PETITIONER(S):     Gordon + Holmes LLP

DEFENDANT(S) / RESPONDENT(S):   Global Imaging Acquisition Group LLC et.al.

GORDON + HOLMES LLP VS GLOBAL IMAGING ACQUISITION GROUP LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2018-00008261-CU-BC-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:   Joel R. Wohlfeil                                    Department: C-73

## COMPLAINT/PETITION FILED: 02/15/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/27/2018 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

Case 2:19-cv-00279-PP    Filed 04/11/18    Page 12 of 15    Document 1-2



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Case 2:19-cv-00279-PP   Filed 04/11/18   Page 13 of 15   Document 1-2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: 330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME: Central

PLAINTIFF(S): Gordon + Holmes LLP

DEFENDANT(S): Global Imaging Acquisition Group LLC et.al.

SHORT TITLE: GORDON + HOLMES LLP VS GLOBAL IMAGING ACQUISITION GROUP LLC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2018-00008261-CU-BC-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                    Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)               ☐ Non-binding private arbitration

☐ Mediation (private)                       ☐ Binding private arbitration

☐ Voluntary settlement conference (private) ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)              ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____                _____

Name of Plaintiff                                 Name of Defendant

_____                _____

Signature                                         Signature

_____                _____

Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                _____

Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 02/16/2018                                 _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)         STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION                Page: 1

## PROOF OF SERVICE

I, the undersigned, declare: that I am, and was at the time of service of the papers herein referred to, over the age eighteen years and not a party to the action herein referred to; and I am employed in the County of San Diego, California, in which county the within mentioned service occurred. My business address is 11440 West Bernardo Court, Suite 204, San Diego, California 92127.

On April 11, 2018, I served the following document(s): **DEFENDANTS GLOBAL IMAGING ACQUISITION GROUP, LLC, CHARLES M. JAHNKE AND JENNIFER JAHNKE'S NOTICE OF REMOVAL TO FEDERAL COURT WITH DEMAND FOR JURY TRIAL**

to each addressee named hereinafter as follows:

Frederic L. Gordon
Rhonda J. Holmes
Andrew G. Nagurney
GORDON & HOLMES
223 W. Date Street
San Diego, CA 92101

 by depositing the aforementioned document(s) in a sealed envelope, with postage thereon fully prepaid, with the USPS First Class Mail, in San Diego, California.

 by depositing the aforementioned document(s) in a prepaid sealed envelope with the Federal Express Overnight Mail, in San Diego, California.

 by Electronic Transmission via email addresses listed for each addressee.

 by Facsimile Transmission.

 by Hand-Delivery.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 11, 2018, in San Diego, California.

Stephen T. Erb